**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Chief Judge Marcia S. Krieger**

Civil Action No. 17-cv-02831-MSK

JOHN C. PRICE,

     Plaintiff,

v.

JEFF SESSIONS, Attorney General of the United States,

     Defendant.

---

**OPINION AND ORDER GRANTING MOTION TO DISMISS**

---

     **THIS MATTER** comes before the Court pursuant to Mr. Sessions' Motion to Dismiss **(# 11)**, and Mr. Price's response **(# 12)**.

     Mr. Price's *pro se* Complaint **(# 1)**, which the Court construes liberally, *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972), is a lengthy rumination on the process of drawing congressional districts. Mr. Price's general complaint appears to be that his legislative district, Colorado's 2d Congressional District, has a history of voting overwhelmingly for the Democratic candidate, leaving Mr. Price with "the inability to affect an election" and depriving him of a meaningful choice of candidates to vote for. Curiously, although he clearly indicates that congressional districts are drawn by the state, he names the U.S. Attorney General as the sole Defendant in this action, explaining somewhat opaquely that Mr. Sessions "represents the Department of Justice as the official ensuring enforcement of constitutional provisions." Somewhat later, Mr. Price states that he sues Mr. Sessions "for clarification of Article I [of the U.S. Constitution]," presumably referring to Sections 2 and 4 of that Article.

Mr. Sessions moves to dismiss (**# 11**) Mr. Price's claims, arguing, among other things, that Mr. Price lacks standing to sue because he cannot show that Mr. Sessions caused the injury of which Mr. Price complains.  In response, Mr. Price concedes that "the alleged injury and challenged actions are not traceable to [Mr. Sessions]."  Instead, he explains that he is invoking the Administrative Procedures Act, 5 U.S.C. § 702, which allows the Court to review an "agency action," and 5 U.S.C. § 703, which permits an action to "be brought against the United States . . . or the appropriate officer" if not other statutory review proceeding is available.  Mr. Price explains that Mr. Sessions is the "Justice Department official responsible for ensuring enforcement if Plaintiff wins this case."

To establish standing to bring suit, Mr. Price must, among other things, assert facts showing that the injury he complains of is "fairly traceable to the challenged action of the defendant and not the result of the independent action of some third party not before the court." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  Here, Mr. Price concedes that Mr. Sessions, as a federal official, is not responsible for Colorado's drawing of congressional districts.  Mr. Price's belief that the Administrative Procedures Act offers him some avenue to suit against Mr. Sessions is misplaced, as that statute allows review of agency actions undertaken by <u>federal</u> agencies; it does not provide a means to review actions made by purely <u>state</u> agencies. 5 U.S.C. § 701(b)(1) (defining "agency" to be "each authority of the Government of the United States").  As Mr. Price makes clear, the drawing of congressional districts is undertaken by <u>state</u> authorities.  Whatever claim Mr. Price might have – and the Court renders no opinion on what that claim might look like or who it may be brought against – it does not lie against Mr. Sessions or any other federal actor.

Accordingly, the Court **GRANTS** Mr. Sessions' Motion to Dismiss (**# 11**).  Because it is not possible for Mr. Price to replead his Complaint to state any cognizable challenges that may be asserted against Mr. Sessions on these facts, the Court **DISMISSES** Mr. Price's Complaint without leave to replead.  The Clerk of the Court shall close this case.

Dated this 8th day of August, 2018.

**BY THE COURT:**

_____

Marcia S. Krieger
Chief United States District Judge